FILED
CLERK, U.S. DISTRICT COURT
6/27/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSEPH LAWRENCE DIAZ,<br><br>  Defendant. | CR No. 2:23-cr-00311-SPG<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 982: Criminal Forfeiture] |

The United States Attorney charges:

[18 U.S.C. § 1344(2)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.  Defendant JOSEPH LAWRENCE DIAZ was a resident of Playa Vista, California.

2.  TD Bank USA, NA, ("TD Bank") was a financial institution insured by the Federal Deposit Insurance Corporation.

3.  A TD Bank account ending in 0670 (the "TD Bank Account") was federally insured and held in the name and for the benefit of a victim-accountholder ("the Victim-Accountholder").

4.  Defendant DIAZ had no lawful authority to access or withdraw funds from the TD Bank Account, and the Victim-Accountholder

did not otherwise authorize defendant DIAZ to access or withdraw funds from the TD Bank Account.

B.  THE SCHEME TO DEFRAUD

5.  Beginning no later than in or around 2016 and continuing through at least in or around May 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant DIAZ, together with others known and unknown to the United States Attorney, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody or control of, TD Bank, by means of false or fraudulent pretenses, representations, and promises, and the concealment of material facts.

6.  The fraudulent scheme operated and was carried out, in substance, as follows:

a.  Defendant DIAZ fraudulently and without lawful authority obtained the bank account and routing numbers of the TD Bank account, knowing that the TD Bank account was held in the name and for the benefit of the Victim-Accountholder.

b.  After obtaining the account and routing numbers for the TD Bank Account without the authorization of the Victim-Accountholder, defendant DIAZ used that information to withdraw and cause to be withdrawn, without authorization, funds held in the TD Bank Account and used those funds for his own personal benefit, including to pay for rent, luxury automobiles, utility and cable bills, healthcare expenses, and other similar and unauthorized personal uses.

c.  From in or around December 2018 through in or around May 2020, defendant DIAZ caused approximately 1097 unauthorized and

fraudulent withdrawals from the TD Bank Account to fund payments totaling approximately $1,356,481 for his own personal benefit.

C.  EXECUTION OF THE SCHEME

7. On or about April 7, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant DIAZ caused an unauthorized withdrawal from the TD Bank Account in the form of an ACH payment of approximately $1,605 to BMW Financial Services, which constituted an execution of the fraudulent scheme.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant JOSEPH LAWRENCE DIAZ's conviction of the offense set forth in this Information.

2.    Defendant DIAZ, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant DIAZ, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                E. MARTIN ESTRADA
                United States Attorney

*/s/ Mack E. Jenkins*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

SCOTT PAETTY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

ADAM P. SCHLEIFER
Assistant United States Attorney
Major Frauds Section

5